[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S PETITION FOR NEW TRIAL
Following his arrest on or about August 4, 1987, the petitioner was convicted by a jury of assault in the first degree, in violation of General Statutes § 53a-59(a), in the Bridgeport Superior Court. He filed this petition for a new trial on November 23, 1993, pursuant to Practice Book § 904 and General Statutes §52-270, alleging that he is entitled to a new trial based on newly discovered evidence that the victim has now identified his assailant as someone other than the petitioner.
The petitioner contends that a new trial is warranted because there is newly discovered evidence in that the victim has recanted his earlier trial testimony. Specifically, the petitioner claims that, after his trial, the victim learned of the shooter s CT Page 4255-H identity and has now unquestionably identified the shooter as someone other than the petitioner. The identity of the shooter was apparently a material issue at trial, as none of the witnesses testified that they actually saw the petitioner shoot the victim. Accordingly, the petitioner claims that he has been unjustly convicted and that a new trial is warranted.
"The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." Asherman v. State,202 Conn. 429, 434, 521 A.2d 578 (1987). "In ana the foregoing factors, trial courts are guided by the general principle that a new trial should be granted because of newly discovered evidence only if an injustice was done or it is probable that on a new trial a different result would be reached." Johnson v. State,36 Conn. App. 59, 63-64, 647 A.2d 373 (1994). "This strict standard is meant to effectuate the underlying equitable principle that once a judgment is rendered it is to be considered final, and should not be disturbed by posttrial motions except for a compelling reason." (Internal quotation marks omitted.) Ashermanv. State, supra, 202 Conn. 434.
The standard governing petitions for new trials based on recanted testimony is set forth in Pradlik v. State, 131 Conn. 682,41 A.2d 906 (1945): "(a) The court [must be] reasonably well satisfied that the testimony given by a material witness [at the original trial was] false. (b) That without it the jury might have reached a different conclusion. (c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." (Emphasis in original.) Id., 687.
At the original trial, the victim testified that he did not know who shot him and that, although he saw the petitioner in the area, he did not actually see the petitioner shoot him. Rather, he testified that other people told him the petitioner had shot him. He also testified that he heard or saw gunshots coming from an area near some trees. He further testified that, sometime after the incident, the petitioner had threatened him about testifying against him at trial. CT Page 4255-I
At the hearing on the petition for a new trial, the victim testified that, subsequent to the original trial, he learned that the person who shot him was in fact his friend who had been standing near him at the time of the incident. According to the victim, sometime after the original trial, his friend admitted to him that the gun his friend had been carrying had accidentally discharged, hitting the victim in the toe. The victim testified that once this information was made known to him, he immediately told his mother who called petitioner's attorney. (T. 5, 6).[1]
In his brief, the petitioner claims that the allegedly new evidence meets the requirements for granting a new trial set forth in State v. Asherman, supra, 202 Conn. 429. He first contends that the evidence is newly discovered and could not have been discovered earlier by the exercise of due diligence. In support of this contention, he argues that he took all reasonable steps to ascertain the identity of the shooter at trial, having fully cross-examined both the victim and his friend, who denied all knowledge of the identity of the shooter. The petitioner also argues that this new evidence impacts a material element of the crime, particularly since no witness at the original trial actually saw the petitioner shoot the victim. The petitioner further argues that the evidence is not cumulative because it "goes to the essence" of the crime charged. Finally, the petitioner contends that the evidence is likely to produce a different result in a new trial, since there would be no direct evidence that the petitioner actually shot the victim. Finally, the petitioner claims that he has met the requirements set forth in Pradlik v. State, supra, 36 Conn. App. 65, and that the victim's current testimony is credible because he "acknowledged that he lied [at the trial] because he did not want his friend. to go to jail." (Petitioner's Brief, 8).
Notwithstanding petitioner's arguments to the contrary, the court finds the victim's credibility to be questionable. There were several inconsistencies in his testimony at the hearing. For example, his testimony seriously conflicted as to when he learned that it was his friend who shot him. He first testified that he was not mistaken when he testified at petitioner's trial, but rather that he was lying because he was young and scared and did not want his friend to go to jail. (T. 6, 15). Later in the hearing, the victim testified that he did not know who shot him at the time of trial and that he only learned this information from his friend in 1992. (T. 25). Thus, the court is not "reasonably CT Page 4255-J well satisfied that the testimony given by [this] witness [at the original trial was] false"; Pradlik v. State, supra, 131 Conn. 687; and finds that his testimony as a whole was questionable. It is also not sufficiently clear that the recanted testimony of this one witness would be likely to produce a different result in a new trial. Asherman v. State, supra, 202 Conn. 434.
Accordingly, the court finds that the petitioner has not met his burden of proving by a preponderance of evidence that he is entitled to a new trial.
Based on the foregoing, the petitioner Dennis Dickerson's petition for a new trial is denied.
JOHN W. MORAN, JUDGE